NOT FOR PUBLICATION                                    [Docket No. 2]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| MERLE R. COMBS, JR. and the MERLE R. COMBS, JR. FAMILY SPECIAL NEEDS TRUST, by and through its Trustee, Joseph A. Marrazzo, Jr., Esquire,<br><br>           Plaintiffs,<br><br>      v.<br><br>MICHAEL W. KWASNIK, ESQUIRE, KWASNIK, RODIO & PIKUNIS, P.C., KWASNIK, RODIO, COHEN & PIKUNIS, P.C., KWASNIK, RODIO, KANOWITZ & BUCKLEY, P.C., KWASNIK, KANTOWITZ & ASSOCIATES, P.C., LIBERTY STATE BENEFITS OF PENNSYLVANIA, INC., LIBERTY STATE FINANCIAL HOLDINGS CORP., and LIBERTY STATE BENEFITS OF DELAWARE, INC., j/s/a,<br><br>           Defendants. | Civil Action No.<br>11-cv-6212 RMB/AMD<br><br>**OPINION** |

Eric J. Riso
Marrazzo & Platt, PC
40 Berlin Avenue
Stratford, NJ 08084
     Attorneys for Plaintiffs

Herbert I. Waldman
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.
201 Washington Street
Newark, NJ 07102
     Attorneys for Defendants

1

Plaintiffs Merle R. Combs, Jr. Family Special Needs Trust (the "SNT") and Merle R. Combs, Jr. (together the "Plaintiffs") have moved to remand this matter to the Superior Court of New Jersey. Plaintiffs also seek to recover attorney's fees under 28 U.S.C. § 1447(c). For the reasons that follow, Plaintiffs' Motion to Remand is GRANTED and Plaintiffs' request to recover attorney's fees is DENIED.

I.   Background

On June 8, 2011, Plaintiffs filed suit in Superior Court of New Jersey, Camden County – Chancery Division (the "State Court Action") against Defendants Michael W. Kwasnik; Kwasnik, Rodio, & Pikunis, P.C., Kwasnik, Rodio, Cohen & Pikunis, P.C., Kwasnik, Rodio, Kantowitz & Buckley, P.C., Kwasnik, Kantowitz & Associates, P.C., Liberty State Benefits of Pennsylvania, Inc., Liberty State Financial Holdings Corp., and Liberty State Benefits of Delaware, Inc. Plaintiffs' Complaint (the "Complaint") alleges seven causes of action:

- (1)  breach of fiduciary duty;
- (2)  violations of the Prudent Investor Act, N.J.S.A. 3B:20-11.1, et seq.;
- (3)  breach of contract;
- (4)  negligence;
- (5)  misrepresentation;

2

(6) fraud; and

(7) conversion.

Complaint at ¶¶ 50, 54, 60, 63, 69, 71, 76.

Specifically, the Complaint alleges that Defendant Michael W. Kwasnik and Kwasnik, Rodio, and Pikunis, P.C. were named as trustees of the SNT and abused their positions by making unauthorized transfers of funds from SNT to Defendants Liberty State Benefits of Pennsylvania, Inc., Liberty State Financial Holdings Corp., and Liberty State Benefits of Delaware, Inc. See Complaint at ¶¶ 23-24. Plaintiffs further allege that, upon learning of the mismanagement of the trust funds, they demanded that the trust assets be returned and Kwasnik relinquish his role as Trustee. See Complaint at ¶ 41.

Just under two months after the Plaintiffs filed suit in Superior Court, on July 29, 2011, Defendants Liberty State Benefits of Pennsylvania, Inc., Liberty State Financial Holdings Corp., and Liberty State Benefits of Delaware, Inc. (the "Debtor Defendants") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. See Notice of Removal at ¶ 2. On September 1, 2011, the Bankruptcy Court approved the appointment of Richard W. Barry as trustee (the "Trustee") of the Debtor Defendants' estate. Id. at ¶ 4.

3

On October 17, 2011, the Trustee filed an adversary proceeding against, among others, Defendants Kwasnik and his law firms. On October 21, 2011, the Trustee, on behalf of the Debtor Defendants, removed the State Court Action to this Court under Federal Rule of Bankruptcy Procedure 9027(a)(2) and 28 U.S.C. §§ 1452 and 1334. Plaintiffs then moved to remand the proceedings back to state court. [Docket No. 2].

II. Analysis

Plaintiffs argue remand is warranted on three grounds: (1) the timeliness of removal, (2) failure to obtain unanimous consent of all co-defendants, and (3) principles of abstention. The Court addresses each argument in turn.

A. Timeliness of Removal

Plaintiffs argue that Debtor Defendants filed their Notice of Removal in an untimely manner. The parties dispute the applicable timeframe for removal of a case under 28 U.S.C. § 1452. Plaintiffs assert that removal of a case under that provision is subject to the timing requirements of 28 U.S.C. § 1446(b). That statute mandates that a notice of removal "be filed within thirty days of the service of the pleading upon which authority for the removal is based . . . ." The Debtor Defendants do not dispute that, if they are subject to § 1446(b)'s timing requirements, their removal would have been untimely. Rather, the Debtor Defendants argue that removal was

4

timely because § 1446 does not apply here and removal was timely under the applicable removal timing provision - Federal Rule of Bankruptcy Procedure 9027(a)(2).  That Rule states:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

While there is some disagreement as to the applicable timeline for removal under § 1452, this Court agrees with the majority viewpoint, which is that Federal Rule of Bankruptcy Procedure 9027(a)(2) controls.  Compare Intra Muros Trust v. Truck Stop Scale Co., 163 B.R. 344, 345 (N.D. Ind. 1994)(taking the minority view that § 1446(b) controls) and State Bank of Lombard v. Chart House, 46 B.R. 468, 473 (N.D. Ill. 1985)(same) with GSL of ILL, LLC v. Pitt Penn Oil Co., No. 09-cv-0571, 2009 WL 1691815, at *2 (W.D. Pa. June 17, 2009)(observing that the majority view is that Rule 9027 controls); In re Donington, Karcher, Salmond, Ronan, & Rainone, P.A., 194 B.R. 750, 756 (D.N.J. 1996)(same); Textron Investment Mgmt. Co. v. Struthers Thermo-Flood Corp., 169 B.R. 206, 210 (D. Kan. 1996)(taking the majority view); In re Klober, 142 B.R. 300, 301 (Bankr. E.D. Ark.

5

1992)(same); In re Pacor, Inc., 72 B.R. 927, 930-31 (Bankr. E.D. Pa. 1987)(same).

Applying Rule 9027, the Debtor Defendants' 90-day time period to file their notice of removal began on July 29, 2011, when they filed their bankruptcy petitions. Gilberton Coal Co. v. Split Vein Coal Co., No. 10-cv-01947, 2011 WL 1627955, at *8 (M.D. Pa. Apr. 29, 2011)(citing to 28 U.S.C. §301)(recognizing that the filing of a bankruptcy petition constitutes an "order of relief"); Gjurovich v. GMAC Mortgage LLC, No. 10-cv-01721, 2010 WL 3835796, at *3 (E.D. Cal. Sep. 29, 2010)(finding that the 90-day time clock began to run upon filing of bankruptcy petition). Because Debtor Defendants' Notice of Removal was filed within 90 days of their bankruptcy petitions, on October 21, 2011, it was timely and remand is unwarranted on this ground.

B.   Consent of Co-Defendants under 28 U.S.C. § 1452

Plaintiffs next argue that the Debtor Defendants' Notice of Removal was defective because they failed to obtain the consent of all fellow co-defendants. Debtor Defendants do not dispute that they failed to receive the consent of all Defendants. Removal under the general federal removal statute ordinarily requires unanimity among all defendants.[1]  See Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995)(requiring consent of

---

[1] There are two exceptions to the rule of unanimity: (1) where a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined. Granovsky v. Pfizer, Inc., 631 F. Supp. 2d 554, 559 (D.N.J. 2009).

6

all Defendants for actions removed pursuant to § 1446). However, in the bankruptcy context, § 1452(a) permits removal by "a party" and it appears that every Circuit Court to consider the statute, though not every District Court, has interpreted this language to allow for non-unanimous removal. Townsquare Media, Inc. v. Brill, 652 F.3d 767, 770 (7th Cir. 2011)(finding that unanimity is not required); C.A. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2nd Cir. 2004)(same); Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985)(same); But see Orion Refining Corp. v. Fluor Enters., Inc., 319 B.R. 480, 486-87 (E.D. La. 2004)(holding § 1452 does not require unanimous consent of all defendants, but that the defendants not seeking removal remain in state court); Ross v. Thousand Adventures of Iowa, Inc., 178 F. Supp. 2d 996, 1001-02 (S.D. Iowa 2001)(requiring unanimity for actions removed under §1452 reasoning that "a party" in § 1452 is no different then "the defendant" in § 1446(a)); Hills v. Hernandez, No. Civ.A. 98-1108, 1998 WL 241518 at *1-2 (E.D. La. May 12, 1998)(applying the rule of unanimity to a case removed under § 1452). Those Courts that have concluded that § 1452 does not require unanimity have reasoned that this interpretation: (1) comports with the plain language of the statute, which permits removal by "a party"; and (2) is consistent with "Congress's purpose of centralizing bankruptcy litigation in a federal forum." Townsquare, 652 F.3d

7

at 770 (distinguishing between general removal statute, which authorizes removal by "the defendant or the defendants" and bankruptcy removal, which allows for removal by "a party" and recognizing that non-unanimity "promotes judicial economy by concentrating bankruptcy litigation in the bankruptcy case); WorldCom, Inc., 368 F.3d at 103 (same); Creasy, 762 F.2d at 660 (interpreting the "a party" language to allow for non-unanimous removal).

For those same reasons, this Court agrees that unanimity is not required under § 1452. Accordingly, Debtor Defendants' Notice of Removal was not defective for failure to obtain unanimous consent and cannot be remanded on this ground.

C. Abstention

Finally, Plaintiffs argue that remand is required because this Court must abstain from hearing this case pursuant to § 1334(c)(2).[2]

Under § 1334(c)(2) mandatory abstention is required when:

(1) a timely motion is made;

(2) the proceeding is based on state law;

(3) the proceeding is "related to" a Title 11 case,

---

[2] Plaintiffs also argue that, even if abstention is not mandatory, this Court should exercise its discretion under both §§ 1334(c)(1) and 1452(b) and abstain from the case. Because this Court finds that abstention is mandatory, it does not address Plaintiffs' arguments for permissive abstention and equitable remand.

8

>  (4) but not "arising under title 11 or arising in a case under title 11;"
>
>  (5) the action could not have been commenced in federal court absent the bankruptcy jurisdiction; and
>
>  (6) an action is already commenced and timely adjudication is possible in state court.

Balcor/Morristown Ltd. P'ship v. Vector Whippany Assocs., 181 B.R. 781, 788 (D.N.J. 1995)(citing In re Warren, 125 B.R. 128, 131 (E.D. Pa. 1991).

The parties do not dispute that factors 1, 3, 5, and 6 are satisfied. Debtor Defendants do dispute factors 2 and 4. With respect to factor 2, while the Debtor Defendants argue that the case implicates more than just state law claims, it is plain from the Complaint that Plaintiffs are solely asserting state law claims. Therefore, this factor is satisfied.

With respect to factor 4, whether a proceeding arises under title 11 or a case under title 11 depends on whether the action is classified as a "core" or "non-core" proceeding. See Stoe v. Flaherty, 436 F.3d 209, 217 (3d Cir. 2006)("The question presented here is whether [Plaintiff's] claim 'arises under' title 11, 'arises in' a bankruptcy case, or is merely 'related to' a bankruptcy case. This is equivalent to the question whether [Plaintiff's] claim is a 'core' proceeding or a 'non-core' proceeding within the meaning of 28 U.S.C. § 157."). If an action either arises under title 11 or a case under title 11,

9

it is a "core" proceeding. In re Combustion Eng'g, Inc., 391 F.3d 190, 225 (3d Cir. 2004). If an action is merely "related" to a case under title 11, it is a "non-core" proceeding. Id.

Under Third Circuit precedent, to determine if a claim is "core," courts:

> must first look to the illustrative list of 'core' proceedings found in § 157(b)(2). It must then conduct [the Third Circuit's] two-step test, according to which a claim will be deemed core "if (1) it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case."

In re Exide Techs., 544 F.3d 196, 206 (3d Cir. 2008)(citing Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999). Courts must examine each claim individually to determine whether a proceeding is "core." Id.

The Debtor Defendants do not address each of the Complaint's claims core/non-core status individually. Instead, they argue that the entire action falls within the bounds of the § 157(b)(2) list and, therefore, this matter constitutes a "core" proceeding. While this is not the correct analytic approach, as each claim must be assessed individually, even if each of the claims in the Complaint are within the ambit of § 157(b)(2), they would, in addition, have to invoke a substantive right provided by title 11 or be a proceeding that could arise only in the context of a bankruptcy case to constitute a "core" proceeding. Id. They do not.

10

Plaintiffs have not invoked any substantive right provided by title 11; rather, they have solely asserted state law based claims. Neither could Plaintiffs' claims arise only in the context of a bankruptcy proceeding. The claims were asserted pre-petition, before a bankruptcy proceeding was even under way. See id. at 207 ("Each claim is a state law cause of action, sounding in contract and tort. Each pre-dated the filing of the bankruptcy petition and were filed in state court and, consequently, do not appear to be proceedings that 'could arise only in the context of a bankruptcy case.'"). And the mere fact that the Debtor Defendants are named as Defendants in the Complaint does not automatically transform this action into a "core" proceeding. See In re Asousa P'ship, 264 B.R. 376, 387 (E.D. Pa. 2001)(explaining that "claims . . . asserted against the debtor pre-petition are not transformed into core proceedings simply because the debtor files for bankruptcy and removes them").

Debtor Defendants argue in their Reply Brief that, in the event Plaintiffs are successful in this suit, they would then have to file a proof of claim in the bankruptcy case. Brief of Trustee in Opposition to Motion for Remand at 11, Combs v. Kwasnik, Civil Action No. 11-cv-6212 (D.N.J. Nov. 21, 2011). At that point, they argue, this action would constitute a "core" proceeding under § 157(b)(2)(B) because the claims allowance

process is a proceeding that "could arise only in the context of a bankruptcy case." See In re Exide, 544 F.3d at 214 (agreeing that "it is axiomatic that filing a proof of claim triggers the claims allowance process under 11 U.S.C. § 501 et seq., which, by its very nature, is a 'core' proceeding that can arise only in a title 11 case"); In re Argus Group 1700, Inc., 206 B.R. 737, 747-48 (Bankr. E.D. Pa. 1996), aff'd, 206 B.R. 757 (E.D. Pa 1997)(holding a filing of a proof of claim in bankruptcy transforms a pre-petition state law claim into a core proceeding only if the proof of claim asserts the same claims as the state law action).  However, Plaintiffs have not yet filed a proof of claim in the bankruptcy proceeding, and therefore this action remains a "non-core" proceeding, subject only to the "related to" jurisdiction of § 1334(b).

Because Plaintiffs' claims are all non-core, all the § 1334(c)(2) factors are met and this Court must abstain from this matter.  In re Laurel Highlands Foundation, No. 12-2195, 2012 WL 213069, at *14-15 (Bankr. W.D. Pa. June 12, 2012)(concluding mandatory abstention appropriate where: (1) complaint involved purely issues of state law and was therefore non-core; and (2) other factors also met); Wells Fargo Bank N.A. v. Johnson, No. 11-1205, 2012 WL 1203427, at *4 (D. Del. Apr. 4, 2012)(same). It therefore will remand this matter.  Stoe, 436 F.3d at 215 (holding that mandatory abstention is an equitable ground for

remand under 28 U.S.C. § 1452); Royal Indem. Co. v. Admiral Ins. Co., No. 07-2048, 2007 WL 4171649, at *6 (D.N.J. Nov. 19, 2007)("Because the Court concludes that abstention is mandatory here . . . [t]he Court must abstain from exercising jurisdiction and as a result must remand the case to the Superior Court of New Jersey."); In re Freehand H.J., Inc., No. 07-12172, 2007 WL 1775368, at *5 (Bankr. E.D. Pa. June 19, 2007)("For the reasons discussed, the Court concludes that all five factors of the Third Circuit's mandatory abstention test have been met here and, accordingly, the Court must abstain from this proceeding and remand it to state court."); Vector Whippany Assocs., 181 B.R. at 788 ("Where abstention is appropriate, or required, remand will follow.").

    D.    Motion for Attorney's Fees

Plaintiffs have also moved for an award of fees under 28 U.S.C. § 1447(c). That statute gives district courts the discretion to award "payment of just costs . . . including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, this Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and, as discussed above, Debtor Defendants'

13

removal was proper. 28 U.S.C. § 1334(b)(providing for subject matter jurisdiction for all matters "related to" cases under title 11). Therefore, while this matter must be remanded based on mandatory abstention under § 1334(c)(2), it cannot be said that removal was "objectively unreasonable." In re Amanat, 338 B.R. 574, 583 (S.D.N.Y. 2005)(denying attorney's fees where remand was based on mandatory abstention under § 1334(c)(2) when the action had "related to" jurisdiction under § 1334(b)). Plaintiffs' motion for fees is therefore DENIED.

III. Conclusion

    For all these reasons, Plaintiffs' Motion to Remand is GRANTED and Plaintiffs' request for attorney's fees is DENIED. An appropriate Order will follow.

                                            s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            United States District Judge

Dated:    June 27, 2012